IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,765-02






EX PARTE JERRY LEE ALVAREZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 06-CR-4126-G IN THE 319TH JUDICIAL DISTRICT COURT


FROM NUECES COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to
the offense of burglary of a habitation, and was sentenced to fifty years' imprisonment. 

 Applicant contends, inter alia, that his counsel rendered ineffective assistance because 
counsel failed to timely file a notice of appeal. The trial court finds that Applicant expressly waived
his right to appeal when he pleaded guilty. Although the habeas record contains a waiver of appeal,
and the trial court's certification of appeal indicates that Applicant waived his right to appeal, it is
not clear that such a waiver would be effective if made before punishment proceedings in an open
plea. The trial court's admonishments as to the right to appeal after entering a plea appear to be
somewhat inaccurate, as they state that if the defendant is entering a plea without the benefit of a plea
bargain, the defendant "will have virtually nothing to appeal."

 In this case, following his punishment hearing and the imposition of a fifty-year sentence,
Applicant timely filed a pro se motion for new trial alleging ineffective assistance of trial counsel. 
Trial counsel also filed an untimely motion for new trial, alleging that there were errors during the
punishment phase of trial. No hearing was held on either motion, and the motion for new trial was
not granted. Applicant thereafter filed a pro se notice of appeal, but he filed it after the deadline for
filing such notice after the motion for new trial had extended the deadline to 90 days after the
imposition of the sentence. The court of appeals dismissed his appeal for want of jurisdiction. 
Alvarez v. State, No. 13-07-602-CR (Tex. App. - Corpus Christi, November 8, 2007).

 Trial counsel has filed two affidavits in this case, responding to Applicant's other ineffective
assistance of counsel claims. Based on those affidavits, it appears that counsel advised Applicant
incorrectly as to the applicable range of punishment for this offense. However, Applicant was
properly admonished as to the applicable punishment range when he entered his plea. In his
affidavits, counsel does not state that Applicant expressly waived his right to appeal, and does not
state whether Applicant was advised as to whether such an express waiver was binding in a case
where he was entering a plea without an agreed punishment. Although counsel states that he was
not appointed to represent Applicant on appeal, and did not undertake to represent Applicant on
appeal, he does not state whether Applicant indicated to him that he wanted to appeal, and if so,
when.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide counsel with the opportunity to respond to Applicant's claim of ineffective assistance
of counsel on appeal. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether counsel advised Applicant correctly
with respect to the effect of the waiver of appeal in this case. The trial court shall also make findings
as to whether Applicant timely indicated that he wished to appeal, and if so, whether he requested
the appointment of appellate counsel. The trial court shall make findings as to whether Applicant
was denied his right to a meaningful appeal because Applicant's counsel failed to timely file a notice
of appeal. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: November 26, 2008

Do not publish